IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| SMALLBIZPROS, INC., d/b/a PADGETT BUSINESS SERVICES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 3:14-CV-34 (CDL) |
| JOHN A. TERRIS, SR., | ) ) | |
| Defendant. | ) ) ) | |

**Preliminary Injunction Order**

After twenty years as a franchisee of SmallBizPros, Inc. d/b/a Padgett Business Services ("Padgett"), John A. Terris, Sr.'s ("Mr. Terris") franchise agreement terminated on December 31, 2013, and Mr. Terris chose not to extend it, purportedly deciding to retire. Under his franchise agreement, Mr. Terris had certain post-termination obligations, including an obligation to cooperate with Padgett in the transition of clients to Padgett or its designee and a duty not to compete with Padgett as an owner or manager of a competing business for one year in Glynn County, Georgia and not to divert clients to a competing business. After learning that Mr. Terris had allegedly violated these and other obligations, Padgett brought the present action. Presently pending before the Court is Padgett's Motion for Preliminary Injunction (ECF No. 4). Based on the present record, including testimony and evidence received at an evidentiary hearing on June 9, 2014, the Court finds that there is a substantial likelihood that Padgett will prevail on its claims that Mr. Terris breached his post-termination obligations under his franchise agreement with Padgett by failing to reasonably cooperate with Padgett in the transition of clients and the business operations of the franchise to Padgett or its designee and by breaching his enforceable

1

covenant not to compete with Padgett.[1]  The Court further finds that Padgett will suffer irreparable injury if it is not granted preliminary injunctive relief, that the balance of the hardships to the parties favors the granting of such relief, and that a preliminary injunction is in the public interest.  Accordingly, Padgett's motion for preliminary injunction is granted as follows.

Mr. Terris testified at the evidentiary hearing that he had completely retired as of December 31, 2013, that he had no involvement in any bookkeeping, tax preparation, or business services business after that date (except possibly helping his granddaughter prepare her personal tax return), and that he had done all that he could to assist Padgett with the transition as contemplated by his franchise agreement with Padgett.  He understood his obligations under the franchise agreement and claimed that he sought to comply with them.  He did acknowledge that his wife, who was a former employee and shareholder of the corporation that previously operated the Padgett franchise, established a new limited liability company, Numbers by the Sea, LLC d/b/a Premiere Business Services ("Premiere"), to continue the bookkeeping, tax preparation, and business services business after the termination of the Padgett franchise agreement on December 31, 2013.  Mr. Terris maintained, however, that while he may have given his wife some advice in legally creating the Premiere LLC, he had no involvement whatsoever in its operation.  Mr. Terris testified unequivocally that Premiere was wholly owned by his wife and that he had nothing to do with it other than occasionally visiting the office to have lunch with his wife.  He considered himself to be fully retired from the business with no involvement in the ownership or operation of Premiere and was adamant that he was not employed by Premiere in any capacity.

---

[1] Padgett also asserts claims for interference with its intellectual property rights.  The Court does not decide today whether Padgett is likely to succeed on those claims given the Court's findings that Padgett is otherwise entitled to most of the preliminary injunctive relief that it seeks on other grounds.

Other evidence presented at the evidentiary hearing directly contradicted Mr. Terris's testimony and leads to only one conclusion—Mr. Terris was untruthful in his testimony and has clearly violated his obligations under the franchise agreement.  Padgett presented a photocopy of Premiere's website as of March 28, 2014, which included a prominent photograph of Mr. Terris and his professional biography, describing him as a valued member of the Premiere team.  Pl.'s Ex. 4, Premiere Business Services Website Printout 1-3.  Describing him as "*the* business consultant and tax preparer of Premiere," the website clearly indicates that he is available to assist with tax preparation and business services needs of Premiere clients.  *Id.* at 3 (emphasis added).  Touting his "over 20 years of tax and business experience," the website gives the clear impression that he is actively involved in the operation and management of Premiere.  *Id.*  The Court finds that Mr. Terris was aware of his prominent display on the Premiere website up through at least March 28, 2014, which directly contradicts his testimony that he had no business involvement with Premiere after December 31, 2013.  Moreover, when the Court questioned him at the hearing about the inconsistency in his testimony, he explained that after he was made aware of his presence on the Premiere webpage, shortly after March 28, 2014, he made sure that any reference to him was immediately removed.  Yet the Premiere webpage on the day of the evidentiary hearing continued to list him as a prominent member of the Premiere team.  Premiere Business Services: About Us, http://www.premierebusinessservice.com/index.cfm/about-us/ (last visited June 10, 2014).[2]  More troubling though is that the manner in which he is now listed supports a finding that Mr. Terris, and perhaps the principals of Premiere, have been acting in an even more egregiously deceptive and dishonest manner.  The website's "About Us" page as of

---

[2] Although the Court pulled up the Premiere website over the internet at the evidentiary hearing during its questioning of Mr. Terris, no photocopy of what appeared on it as of the hearing date was admitted as an exhibit.  To perfect the record, the Court has attached as an Appendix to today's Order a copy of the relevant portion of the website as it existed when the Court pulled it up during the evidentiary hearing.

the date of the evidentiary hearing states, "Meet your local Premiere Business Service team." *Id.* In addition to Mr. Terris's wife, the website lists a "John Alvin" with a lengthy biographical description of all of his qualifications. *Id.* Those qualifications exactly match Mr. Terris's qualifications and biographical information that were listed on the website as it existed on March 28, 2014, which Mr. Terris testified had been scrubbed of all reference to Mr. Terris. It is indisputable that the "John Alvin" listed in Premiere's "About Us" page as recently as today is John A. Terris, Sr., Padgett's former franchisee and the Defendant in this action. The Court assumes that Alvin is Mr. Terris's middle name. Using such deceit to avoid contractual obligations is certainly actionable. Lying about it in Court under oath is sanctionable, an issue for another day.

As if the foregoing were not bad enough, it only gets worse for Mr. Terris. Suspicious that Mr. Terris was continuing to operate a competing business through Premiere, Padgett hired a private investigator to conduct an investigation. The investigator traveled to Premiere's office posing as a potential client. He met with Mr. Terris and made a surreptitious video and audio recording of the meeting. The recording shows Mr. Terris in his office at Premiere, which was certainly not cleared out as Mr. Terris had testified. And more significantly, it clearly depicts Mr. Terris as working for Premiere in a managerial capacity and inducing a prospective client to bring his accounting and tax business to Premiere.

Based on the evidence of record, the Court finds that Mr. Terris provided untruthful testimony relating to matters material to the issues presented at the hearing. Furthermore, the Court finds that there is a substantial likelihood that Padgett will be able to prove at trial that Mr. Terris operated in essentially the same capacity as a manager of Premiere as he operated when he was the owner and manager of the Padgett franchise, except he avoided his contractual

obligations to Padgett.  *See generally* Pl.'s Mot. for Prelim. Inj. Ex. A, Franchise Agreement, ECF No. 4-3.  Specifically, Mr. Terris violated his obligations in his franchise agreement regarding his duty not to compete for a limited period in a limited geographic area in a limited manner.  The Court further finds that Mr. Terris failed to cooperate in the transition of clients and the business operations of the Padgett franchise to Padgett, as required under his franchise agreement.  The record evidence supports the conclusion that he breached this duty because he was actively diverting those clients to Premiere.  For all of these reasons, Padgett is entitled to preliminary injunctive relief.

In light of the circumstances disclosed at the hearing, the Court is concerned that the establishment of Premiere to compete directly with Padgett was likely devised by Mr. Terris, in conjunction with his wife, for the purpose of avoiding Mr. Terris's post-termination obligations under his franchise agreement with Padgett.  And thus Premiere and its principals may have some legal liability in this matter.  However, neither Mrs. Terris nor Premiere have been named as parties to this action, and the Court is reluctant to direct injunctive relief against a non-party until that person or entity has an opportunity to be heard.  Accordingly, if Padgett seeks additional injunctive relief directed against someone other than Mr. Terris, it should file a motion to amend the preliminary injunction that the Court issues today and should provide notice of any such request to the parties against whom such relief is sought.

The Court issues the following preliminary injunction:

A.     Mr. Terris is hereby ordered to cooperate in the orderly transfer, to Padgett or its designee, of all the clients who were served by his Padgett franchise business prior to December 31, 2013 (hereinafter "Padgett Clients") and to relinquish any and all rights and interests Mr. Terris may have in the Padgett Clients to Padgett or its designee, as required by Section

XII(D)(5) of the Franchise Agreement. To be clear, Mr. Terris shall not communicate with any of the Padgett Clients regarding Premiere, Padgett, or any type of accounting, tax or business services, except in a manner and at a time as directed by Padgett.

      B.      Mr. Terris is hereby ordered to work with Padgett and the telephone company to cooperate in the orderly transfer of all telephone numbers he used while operating his Padgett franchise, including, without limitation, (912) 262-0329, as set forth in Section VIII(D)(4) of the Franchise Agreement.

      C.      Mr. Terris is hereby ordered to immediately return all copies of all client lists and files (paper and electronic versions) related to the Padgett Clients, regardless of the type of work performed, including all tax returns, work papers, supporting documentation and any related notes, memoranda, written communications and the like, as set forth in Section XII(D)(4) of the Franchise Agreement. (To ensure the privacy concerns of the Padgett Clients are considered carefully, Mr. Terris shall file within 5 days of the date of this Order a motion for protection setting forth the legal authority that he believes prevents him from disclosing any such material to Padgett, and Padgett shall be required to file a responsive brief within 7 days thereof. No reply brief shall be filed. If Mr. Terris does not file a motion for protection in a timely manner, then he shall produce all of the above information without exception. If he does file a timely motion for protection, then no information objected to in the motion shall be disclosed to Padgett until the Court rules on the motion for protection. The purpose of this provision is to allow the Court to carefully consider the rights of the Padgett Clients before making a ruling on this issue.)

      D.      Mr. Terris is hereby ordered to immediately return all of Padgett's manuals, forms, systems, proprietary software, and any other materials (written or electronic) that are in

Mr. Terris's possession or control that are part of the Padgett Business Services Franchise System as set forth in Section XII(D)(4) of the Franchise Agreement.

E.  Mr. Terris is hereby ordered to immediately return to Padgett all signs, banners, labeling, packaging, advertising, promotional display and point-of-purchase or service materials which bear or make reference to Padgett's intellectual property or colorable imitations thereof. Moreover, Mr. Terris shall cease advertising, using or associating himself in any way with Padgett, the Padgett System, or any of its trademarks or tradenames, including, without limitation, "Padgett," "PBS," or "Padgett Business Services" as set forth in Section XII(D)(3) of the Franchise Agreement.

F.  Mr. Terris is hereby enjoined from working as a manager or owner of any competing business as that is defined in Section XIII(B)(1) of the Franchise Agreement, within his former franchise territory, for a period of one year from the date of this Order.

G.  Mr. Terris is hereby enjoined from working in any capacity, directly or indirectly, with Numbers by the Sea, LLC d/b/a Premiere Business Services, Mr. Terris's wife, Charlotte Terris, or his granddaughter, Shelbie Webb, in operating a competing business as that is defined in Section XIII(B)(1) of the Franchise Agreement, within his former franchise territory, from one year of the date of this Order.  Moreover, Mr. Terris shall proactively be required to ensure that his name, likeness, or experience is not used or referenced in any way in association with Premiere Business Services during that time.

H.  Mr. Terris is hereby enjoined, for a period of one year from the date of this Order, from diverting or attempting to divert any customers located within his former franchise territory, by direct inducement or otherwise, to anyone, including, without limitation, Numbers

by the Sea, LLC d/b/a Premiere Business Services, Mr. Terris's wife, Charlotte Terris, or his granddaughter, Shelbie Webb.  Franchise Agreement § XIII(B)(2).

I.	Mr. Terris is hereby enjoined for a period of one year from the date of this Order, from employing or seeking to employ any person that was formerly employed by Mr. Terris's Padgett Franchise prior to December 31, 2013.  *Id.* § XIII(B)(3).

J.	Mr. Terris is hereby enjoined for a period of two years from the date of this Order, from divulging or disclosing, directly or indirectly, to anyone outside of the Padgett organization any information or knowledge concerning customers, the methods, promotion, advertising or any other systems or methods of operation of Padgett's franchised business that Mr. Terris may have acquired by virtue of its operations under the Franchise Agreement.  *Id.* § XIII(C).

K.	Mr. Terris is hereby ordered to file with the Court and to serve on Padgett's counsel, within 14 days after the effective date of this Order, a report, in writing and under oath, confirming that he has complied with all of the provisions contained in this Order.  The report must also set forth in detail the manner in which he has complied with the other requirements of this Order.

L.	In the event that Mr. Terris violates any of the terms of this Order, then the period that he is required to refrain from the activity ordered herein shall be tolled and begin again after he complies and shall continue until he completes the un-interrupted period of time required by the Franchise Agreement.

M.	If Mr. Terris has a reasonable basis for asking the Court to require Padgett to provide some type of security during the pendency of this preliminary injunction, Mr. Terris shall file a motion requesting such security within 7 days of today's Order.  Padgett shall file a response to any such motion within 14 days of being served with the motion.

IT IS SO ORDERED, this 10th day of June, 2014.

           **_S/Clay D. Land**
           CLAY D. LAND
           UNITED STATES DISTRICT JUDGE

APPENDIX

